IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
JUN 14 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| Pedro Mila Perez, #80631-509 ) | Case No.: DR-24-CV-10-AM-JAC |
|     Plaintiff in pro se ) | |
| ) | MOTION FOR APPOINTMENT OF COUNSEL |
| v. ) | MOTION TO AMEND |
| ) | MOTION FOR ENLARGEMENT OF TIME |
| Val Verde Correctional Facility ) | |
| Staff, John Does #1 through #10 ) | |
|     Defendants ) | |
| ) | |

COMES NOW, Plaintiff, Pedro Mila Perez, #80631-509, an incarcerated Federal inmate, in response to this Honorable Court's ORDER, the Honorable Judge Joseph A. Cordova presiding, to file a second amended complaint due to the finding of the Court that Mr. Perez has failed to state a claim upon which relief may be granted.

## JURISDICTION

This Honorable Court hold jurisdiction pursuant to 28 USC § 1331, and the venue is appropriate, because the complained-of incident occurred within the jurisdiction of the Del Rio Court pursuant to 28 USC § 124(d)(5). The complained-of event occurred within this Court's jurisdiction.

## LIBERAL INTERPRETATION

The Court must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 US 89, 94 (2007)

Further, "[a] document filed pro se is 'to be liberally construed'... and 'a pro se complaint, however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers'." <u>Haines v. Kerner</u>, 404 US 519, 520-21 (1972)

"This court is guided by the principle that pleadings must be construed so as to do justice." <u>Escobar v. Almanza</u>, 2023 US Dist. LEXIS 155556, at *3 (5th Cir. September 1, 2023)

## ISSUE

I. Plain statement of the facts showing that the Plaintiff is entitled to relief.

1. Plaintiff, Pedro Mila Perez, #80631-509, is a non-violent offender. He was held in pre-trial detention with actors who he believes were violent gang members. Plaintiff believes that certain unnamed correctional officers (unknown at this juncture) of Val Verde Correctional Facility failed to exercise ordinary care and due diligence in placing violent gang members in the same unprotected area of the jail as the Plaintiff.

2. As the Plaintiff attempted to heat food in a microwave oven in the common area where he was being held, the unknown violent gang members assaulted and injured the Plaintiff, who did nothing to provoke the attack.

3. Val Verde Correctional Facility should have had video surveillance in the common area where the incident occurred, so it is within the realm of possibility to identify the Plaintiff's attackers.

4. Plaintiff desires to pursue civil damages for injury against the unknown attackers, as well as the correctional officers responsible for the safety of inmates in the area where he was held, due to the carelessly indifferent acts which was the nexus for the attack.

5. Plaintiff believes that the employees and staff of Val Verde

Correctional Facility employees and staff (unknown at this juncture) carelessly and indifferently, possibly with evil intent, knowingly and willfully placed violent gang members in the same unit as the Plaintiff, a non-violent offender, creating an environment conducive to violence, where they should have or could have known that the Plaintiff would be preyed upon, even though, as a pre-trial detainee, not yet adjudicated of any crime, had the Constitutional right to be housed in a safe environment.

6.  The actions and/or inactions of the Val Verde Corrections Facility staff violated the Plaintiff's Fourteenth Amendment Constitutional rights in failing to identify and properly classify dangerous violent gang members, and acted carelessly and indifferently in housing them in the same area as the Plaintiff, proximately becoming the cause of his unwarranted injuries.

7.  Plaintiff certifies by affadavit that the above is true and correct pursuant to 28 USC § 1746 under penalty of perjury. The plain statement of facts serves as an affidavit for the purpose of this action.

II. <u>Details and liability</u>

8.  While Plaintiff was a pre-trial detainee at Val Verde Correctional Facility, on June 7, 2022, Plaintiff was set upon and assaulted by a group of ten unknown inmates while using the available microwave oven in the common area of his housing unit. Plaintiff denies that he performed any action or made any remarks to the unknown attackers which may have provoked them to attack.

9.  The attack was instigated by gang members who shared housing with the Plaintiff in Dorm A7.

10. As a result of physical injuries sustained by the Plaintiff, he alleges that he is entitled to an award of damages for suffering

physical injuries, pain and suffering, and emotional distress, without which justice would be denied.

11. Plaintiff suffered actual injury during the attack, and alleges that correctional facility staff (unknown at this juncture) failed to properly classify and segregate violent gang members from inmates in general population, and could have, and should have, reasonably foreseen the danger in mixing known violent gang members with non-violent inmates who were unrelated to violent gang activity. The assault occurred prior to any finding of guilt in the Plaintiff's criminal case.

12. The rights of a pre-trial detainee are found in the procedural and substantive Due Process guarantees of the Fourteenth Amendment. <u>Kingsly v. Hendrickson</u>, 576 US 389 (2015)


### RULE OF LAW

13. Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates."
<u>Johnston v. Lucas</u>, 786 F.2d 1254, 1259 (5th Cir. 1986); <u>Jones v. Diamond</u>, 636 F.2d 1364, 1373 (5th Cir. 1981)

14. Specifically, prison officials "have a duty... to protect prisoners from violence at the hands of other inmates."
<u>Farmer v. Brennan</u>, 511 US 825, 832 (1994)

15. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law.

16. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a risk of serious harm

and disregards that risk by failing to take reasonable steps to abate it. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.

17. In the instant case, Val Verde Correctional Facility staff failed to take the "reasonable steps" required by the Constitution to protect him and ensure his safety. It is reasonable to expect that they were aware of the risks, and ignored them.

18. A pre-trial detainee (such as the Plaintiff at the time of the complained-of event) is ruled by the Fourteenth Amendment, because he had not yet been adjudicated guilty.

19. "Under the Fourteenth Amendment, a pre-trial detainee has a 'constitutional right to be secure in his basic human needs, such as medical care and <u>safety</u>." (Emphasis added.)
<u>Hare v. City of Corinth</u>, 74 F.3d 633, 647-48 (5th Cir. 1996)

20. "A state official violates that right when he 'act[s] or fail[s] to act with deliberate indifference to the detainee's needs." Id. at 648.

### ARGUMENT

21. A Plaintiff alleging deliberate indifference must show that:

> 1) Each defendant had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn.
>
> 2) Each defendant actually drew that inference.
>
> 3) Each defendant's response to the risk indicates that he subjectively intended that harm occur.

22. The Plaintiff alleges that the inferences required would or should have been drawn by basic post-arrest investigation to determine the attacker's violent gang affiliation, which would have given rise to a valid reason to segregate violent gang members from general population. The staff at the Val Verde Correctional Facility:

> "...fail[ed] to screen and separate gang members and violent offenders from non-violent offenders."
> <u>Cohen v. Hill</u>, 2022 US Dist. LEXIS 67388, at *29 (N.D. Alabama April 12, 2022)

23. There are many means that the Val Verde staff could have used to identify and make the determination that Plaintiff's attackers were violent gang members, such as examining tattoos for gang-related iconography, and possibly simple verbal interrogation. Staff utterly failed to perform even a rudimentary standard investigation or attempt to separate violent gang members from non-violent inmates.

24. As a pre-trial detainee, not yet adjudicated of guilt, the Plaintiff had the right to file assault charges against the perpetrators who injured him. As a victim of criminal assault, the Plaintiff is protected by 18 USC § 3771, the Crime Victim's Rights statute, and this Honorable Court is charged with the enforcement of these rights.

<u>PLAINTIFF REQUESTS APPOINTMENT OF COUNSEL</u>

25. Plaintiff respectfully requests appointment of counsel to assist him in his pursuit of justice. The Plaintiff is not well-versed in the art of law, and has been granted in forma pauperis status. He has relied on the generosity and knowledge of fellow inmates for the preparation of the instant document. The appointment of counsel is guided by certain basic principles.

26. When applying it's expertise and exercising it's discretion in appointing counsel for a plaintiff pursuing justice, the court should

determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing the claims.
<u>Jackson v. Coleman</u>, 2012 WL 4504485, at *4 (M.D. Pa. October 2, 2012) (citing <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263 (3rd Cir. 1991); cited by <u>Mason v. Director, Texas Department of Criminal Justice - Correctional Institutes Division</u>, 2023 US Dist. LEXIS 204633, at *3 (5th Cir., October 30, 2023)

27. The instant case requires that investigations be performed, video surveillance be subpoenaed, depositions be taken, and other actions which the Plaintiff, who is not an attorney, lacks the skill and ability to perform, especially in light of his incarceration in North Carolina, while the complained-of event took place in Texas. Without the appointment of counsel, the responsible parties will escape justice. The identify of unknown responsible staff members at Val Verde Correctional Facility must be ascertained, as well as the identify of the Plaintiff's unknown attackers. Recorded video must be preserved and obtained as evidence, and subpoenaed. It would work a great injustice for the court to rely on the Plaintiff alone to pursue his legal rights without the benefit of competent legal representation. Then too, because the Plaintiff is incarcerated in North Carolina, the issue of diverse jurisdiction may arise, as well as working with authorities to transport the Plaintiff to court in Texas in order for him to testify on his own behalf. Justice demands the appointment of counsel in the instant case.

<center>CONCLUSION</center>

For the above reasons, the Plaintiff respectfully requests that this Honorable Court appoint him counsel so that he may proceed on the merits of his case, amend the record to include the instant motion, and grant the Plaintiff an enlargement of time to allow him to contact and consult with the counsel he prays this court will provide.

  The issues addressed in this case far exceed the ability of a person who is incarcerated and without benefit of professional counsel to properly navigate. The issues may be complex, and there is a need for legal acts beyond the ability of an incarcerated person.

  The Plaintiff certifies that the above is true and correct to the best of his knowledge pursuant to 28 USC § 1746, under the pains and penalties of perjury.

_05/06/24_  
Date

_/s/ Pedro Mila Perez_  
Pedro Mila Perez, #80631-509

Pedro Mila Perez, #80631-509  
Butner Low Security Correctional  
P.O. Box 999  
Butner, N.C. 27509-0999

### CERTIFICATE OF SERVICE

  I certify that one true and correct copy of MOTION TO APPOINT COUNSEL, MOTION TO AMEND, AND MOTION FOR ENLARGEMENT OF TIME, has been placed in the mailing system at Butner Low Security Correctional Institute on June _____, 2024, postage paid, mailed to:

Clerk, U.S. District Court  
Western District of Texas  
111 E. Broadway, Suite 100  
Del Rio, Texas 78840

And, pursuant to the PRISON MAILBOX RULE, <u>Houston v. Lack</u>, 487 US 266 (1988), the date above is the date this document is received by the authorities.

_05/06/24_  
Date

_/s/ Pedro Mila Perez_  
Pedro Mila Perez, #80631-509

Case 2:24-cv-00010-AM-JAC   Document 15   Filed 06/14/24   Page 9 of 9

Pedro Mila Perez 80631-509
Name:      Number:
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509

RALEIGH NC 275
Research Triangle Region
10 JUN 2024 PM 3 L



RECEIVED
JUN 14 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

⇔80631-509⇔
Clerk Us Western District Of
111 E Broadway ST
Suite100
DEL RIO, TX 78840
United States

LEGAL MAIL

78840-557325