**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**



| | |
|---|---|
| PEDRO MILA PEREZ, | § |
| Plaintiff, | § |
| | § |
| | § |
| v. | § |
| | § |
| | § |
| VAL VERDE DETENTION CENTER, | § |
| Defendant. | § |

Civil Action No.
**DR-24-CV-0010-AM/JAC**

## ORDER

Before the Court is the Report and Recommendation of the Honorable Joseph A. Cordova, United States Magistrate Judge. (ECF No. 17.) On January 30, 2024, the Court referred all pretrial matters to Judge Cordova under Title 28 U.S.C. § 636. Judge Cordova recommended sua sponte dismissal of the Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and Title 28 U.S.C. § 1915. Neither party objected. Upon review, the Court **APPROVES** and **ADOPTS** the Report and Recommendation.

### I. BACKGROUND

The Plaintiff mailed a letter bringing suit against Val Verde Detention Center[1] (VVDC) on December 15, 2023, alleging a civil rights claim. (ECF No. 1.) The Plaintiff claimed he was assaulted by ten unidentified gang members while incarcerated as a pretrial detainee at VVDC in October of 2022. (*Id.* at 1–3.) He alleged those individuals attacked him while he was using a microwave in a common area and he sustained injuries that required medical attention. (*Id.*)

---

[1] Throughout the pleadings, the Defendant is referred to interchangeably as Val Verde Correctional Facility, Val Verde Detention Center, and Val Verde Correction Facility. For the sake of consistency, the Court refers to the Defendant as Val Verde Detention Center (VVDC).

The presiding judge ordered the Plaintiff to file an amended complaint on a court-approved form and to either pay the filing fee or submit an application to proceed *in forma pauperis* (IFP). (ECF No. 5.) The Plaintiff did so. (ECF Nos. 6, 7.) After the presiding judge transferred this case from the Northern District of Texas to the Western District of Texas, Del Rio Division [ECF No. 8], Judge Cordova granted the Plaintiff leave to proceed IFP [ECF No. 10]. Because the Plaintiff's amended complaint contained deficiencies, Judge Cordova ordered the Plaintiff to file a second amended complaint by May 30, 2024, ordered him to cure the deficiencies, and warned him that a failure to comply would result in a recommendation that his case be dismissed. (ECF No. 12.) While the Plaintiff filed a second amended complaint, which was received on June 14, 2024, it contained the same deficiencies. (ECF No. 15.) Accordingly, Judge Cordova recommended that the case be dismissed for failure to state a claim. (ECF No. 17.) Since then, neither party filed objections.

## II. STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a Magistrate Judge within fourteen days after service of the Report and Recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to the Report and Recommendation were due August 15, 2025. No party filed objections. Thus, the Court need not review de novo the pending matter. *Douglas v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996). Rather, the Court needs only to review the Report and Recommendation to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III. ANALYSIS

In the present matter, Judge Cordova's findings and conclusions are neither erroneous nor contrary to law. When a plaintiff is granted IFP status, a court must dismiss his civil complaint if

2

it determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Judge Cordova recommended that the Plaintiff's claims be dismissed because (1) the Second Amended complaint was untimely filed, and (2) both the First and Second Amended Complaints failed to plead a plausible claim for relief.

Whether an action fails to state a claim is evaluated under the same standard as Rule 12(b)(6), which requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotations omitted), the Plaintiff fails to state a claim here.

To start, Judge Cordova reported that the Plaintiff's Second Amended Complaint was untimely filed, as it was sent by mail on June 5, 2024, after the Court's deadline of May 30, 2024. Therefore, if the Court struck the Second Amended Complaint, it could rely on only the First Amended Complaint. The First Amended Complaint has three deficiencies. First, it failed to name a proper party as a defendant, because it specifically identifies only VVDC. Since VVDC does not enjoy a separate legal existence from the county it serves, it cannot be sued. *Braden v. Collin Cnty. Det. Facility*, Civ. No. 4:22-CV-151, 2023 WL 2384503, at *6 (E.D. Tex. Feb. 10, 2023) ("[A] county's jail or detention facility is a nonjural entity that is not amenable to suit."). Second, it failed to allege a 42 U.S.C. § 1983 claim because it does not identify a state actor. Even if the unnamed assailants were properly pleaded as defendants, they did not act under color of law. *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010) ("A person acts under color of state law if he engages in the misuse of power, possessed by virtue of state law and made possible

3

only because the wrongdoer is clothed with the authority of state law." (quotations and alterations omitted)). Third, it fails to allege a state law claim against the unnamed assailants because such claims are barred by the two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a).

Next, even if the Court accepted the Second Amended Complaint, it, too, contains fatal deficiencies. The Plaintiff's claims are again barred by the statute of limitations. *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008) ("Because there is no federal statute of limitations for § 1983 and *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state."). The Second Amended Complaint once again fails to allege that the assailants acted under color of state law. It does not show that facility staff acted with deliberate indifference as is required to establish a failure-to-protect claim under the circumstances. Nor does it establish that an official participated in acts causing constitutional deprivation or implemented unconstitutional policies, as is required for a supervisory liability claim. Therefore, it lacks sufficient facts to establish a plausible constitutional violation.

Finally, the Plaintiff asks the Court to criminally prosecute his assailants, citing to the Crime Victims' Rights Act, 18 U.S.C. § 3771. That statute does not create a right for a victim to demand his assailants' prosecution, so the Plaintiff lacks standing in the matter of the attackers' prosecution. Absent standing, the Court lacks subject-matter jurisdiction over this claim and must dismiss it. *Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023) (citing S*teel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998)).

Taken together, Judge Cordova recommends this Court dismiss the Plaintiff's Second Amended Complaint sua sponte. (ECF No. 17 at 1–2.) He recommends that (1) the Plaintiff's request for counsel be denied; (2) the Plaintiff's claim seeking criminal prosecution be dismissed

without prejudice for lack of subject matter jurisdiction; and (3) the Plaintiff's remaining claims be dismissed with prejudice. The Court accepts this recommendation.

### IV. CONCLUSION

The Court therefore **APPROVES** and **ADOPTS** the Report and Recommendation [ECF No. 17] and **DISMISSES** the Plaintiff's complaint sua sponte. The Plaintiff's claims against Val Verde Detention Center are **DISMISSED WITH PREJUDICE**. The Plaintiff's claims against the unnamed assailants are **DISMISSED WITH PREJUDICE,** absent the Crime Victims' Rights Act claim, which is **DISMISSED WITHOUT PREJUDICE.**

SIGNED and ENTERED on this 31st day of March 2026.

ALIA MOSES
Chief United States District Judge